UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOSHUA TAYLOR,

        Plaintiff,

  v.                                                                     CAUSE NO. 3:19-CV-1041-DRL-MGG

A. LASHNOWSKY, *et al.*,

        Defendants.

OPINION & ORDER

Joshua Taylor, a prisoner proceeding without a lawyer, filed this complaint under 42 U.S.C. § 1983 against nine defendants based on a variety of separate incidents. He claims that he slipped on toilet water in his cell after his cell flooded, and two guards and a nurse failed to provide him any treatment for an injury to his head. He claims that two different guards used excessive force against him when removing him from his cell during a separate incident. He further claims that he was punched in the face by another inmate after a "computer glitch" caused his prison records to reflect that he was convicted of a sex offense, which he claims is not accurate. He attaches medical records to his complaint detailing an incident in which he slipped on shampoo on his floor and cut his lip, although he does not mention this incident in the body of the complaint.

"Unrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also Owens v. Evans*, 878 F.3d 559, 566 (7th Cir. 2017). When a plaintiff files a complaint with unrelated claims, it is the practice of this court to allow him to decide which related claims to pursue in the present case, as well as to decide whether to bring the other claims in separate suits, because "the plaintiff as master of the complaint may present (or abjure) any claim he likes." *Katz v. Gerardi*, 552 F.3d 558, 563 (7th Cir. 2009); *see also Wheeler v. Wexford Health Sources, Inc.*,

689 F.3d 680, 683 (7th Cir. 2012) (holding that district courts may direct a plaintiff "to file separate complaints, each confined to one group of injuries and defendants.").

Therefore, the complaint will be stricken. Mr. Taylor must decide which related claims he wants to pursue in this case. He must then obtain a blank **Prisoner Complaint (INND Rev. 8/16)** form and put this cause number on it. He must include only facts about the related claims he wishes to raise in this case, and list only the defendants he is suing in connection with those events. If Mr. Taylor wants to pursue any other unrelated claims, he must use a different complaint form for each unrelated claim. If he files additional complaints, he should leave the cause number blank, and the clerk will open a new case for each additional complaint. These complaints will be subject to the usual constraints of the Prison Litigation Reform Act, including the payment of a separate filing fee for each case.

For these reasons, the court:

(1) STRIKES the complaint (ECF 1);

(2) GRANTS the plaintiff until **August 7, 2020** to file an amended complaint containing only related claims; and

(3) CAUTIONS him that if he does not respond by the deadline, this case is subject to dismissal without further notice for failure to prosecute.

SO ORDERED.

June 22, 2020  *s/ Damon R. Leichty*
Judge, United States District Court