UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOSHUA TAYLOR,<br><br>    Plaintiff,<br><br>  v.<br><br>A. LASHNOWSKY *et al.*,<br><br>    Defendants. | CAUSE NO. 3:19-CV-1041-DRL-MGG |

OPINION & ORDER

Joshua Taylor, a prisoner proceeding without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915A, the court must screen the complaint to determine whether it states a claim for relief. The court remains ever mindful that "[a] document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citation omitted).

As a preliminary matter, Mr. Taylor has filed two motions. The first asks that he be permitted to amend his complaint. After this motion was filed, he submitted an amended complaint pursuant to this court's screening order striking his original complaint and instructing him to file a new complaint containing only related claims. Any relief requested in his motion to amend is thus moot and denied as much.

In his second motion, Mr. Taylor requests that the case proceed to screening under § 1915A. This motion is granted. Mr. Taylor's complaint is difficult to parse, but it can be discerned that he is complaining about events occurring on November 25, 2017 at Miami Correctional Facility. He says he was in need of medical attention because he fell and hit his head. Another inmate walked with him to the medical desk and told the officer that he needed help. Mr. Taylor alleges that Sergeant Lucky (first name unknown) and Officer Witham approached him and told him to "cuff up," even though he wasn't doing anything wrong. He complied, and they began to escort him back to his cell. He claims

they were pulling too hard on his handcuffs, causing him to fall forward on a flight of stairs and hit his knee and twist his ankle.

Sergeant Lucky then called some additional officers to help. Officer A. Loshnowsky arrived, and allegedly grabbed Mr. Taylor's handcuffs and pulled him hard toward his cell, causing him to land on his stomach. They put him in his cell and then left for a brief period, with Mr. Taylor still wearing handcuffs. He claims that they spoke with Captain C. Etrhel, who authorized the use of force against Mr. Taylor. When the officers returned a few minutes later, they were "talking and laughing." Mr. Taylor claims that the officers purposely blocked the camera with their bodies, while Officer Loshnowsky started hitting his head into the door frame. This caused Mr. Taylor to vomit. Sergeant Lucky and Loshnowsky allegedly rammed Mr. Taylor "with full force" into the back wall of his cell. They started laughing again and left. Based on these events, Mr. Taylor sues Officer Loshnowsky, Sergeant Lucky, Officer Witham, and Captain Etrhel, seeking monetary damages.

The "core requirement" for an Eighth Amendment excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* While there is no general *respondeat superior* liability under 42 U.S.C. § 1983, supervisors can be held liable when they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019).

Giving Mr. Taylor the inferences to which he is entitled at this stage, he alleges a plausible excessive force claim against Officer Loshnowsky, Sergeant Lucky, Officer Witham, and Captain Etrhel. Although further factual development may show that the use of force was reasonable under

the circumstances, Mr. Taylor alleges enough to proceed past the pleading stage against these defendants.

For these reasons, the court:

(1) DENIES as moot the plaintiff's motion to amend the complaint (ECF 3);

(2) GRANTS the plaintiff's motion for the case to be screened (ECF 12);

(3) GRANTS the plaintiff leave to proceed against Officer Loshnowsky, Sergeant Lucky, Officer Witham, and Captain Etrhel in their personal capacities on a claim for monetary damages for allegedly using excessive force against the plaintiff on November 25, 2017, in violation of the Eighth Amendment;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Officer A. Loshnowsky, Sergeant Lucky (first name unknown), Officer M. Witham, and Captain C. Etrhel, and to send them a copy of this order and the amended complaint (ECF 15) pursuant to 28 U.S.C. § 1915(d);

(6) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant who does not waive service;

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Officer Loshnowsky, Sergeant Lucky, Officer Witham, and Captain Etrhel to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

July 21, 2020                         *s/ Damon R. Leichty*
                                      Judge, United States District Court